UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-22678-BLOOM/Elfenbein

DRN YEDEK PARÇA TİCARET
LİMİTED ŞİRKETİ, *a Turkish limited
liability company*,

    Plaintiff,

v.

CELERES PARTNERS LLC,
*a Delaware limited liability company*, and
KOFI OBENG, *an individual*,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT

**THIS CAUSE** is before the Court upon Plaintiff DRN Yedek Parça Ticaret Limited Şirketi ("DRN")'s Motion to Enforce Settlement ("Motion"), ECF No. [46], filed on December 15, 2025. As of the date of this Order, Defendants, Celeres Partners LLC ("Celeres") and Kofi Obeng ("Obeng"), have failed to file a response. The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

On November 4, 2025, the parties filed a Joint Notice of Settlement indicating they have reached a settlement and requesting thirty days to finalize their settlement agreement. ECF No. [44]. On December 15, 2025, Plaintiff filed a Motion to Enforce Settlement, generating a December 29, 2025, response deadline. On December 30, 2025, the Court issued a *sua sponte* order noting Defendants' failure to respond and requiring a January 6, 2026, response to be filed.

ECF No. [48]. After the Court's deadline, on January 14, 2026, Defendants filed a motion requesting an extension to file their response until January 16, 2026. ECF No. [50]. The Court granted the motion, ECF No. [51], and to date, Defendants have failed to file any response.

Plaintiff's Motion asserts that the parties have agreed to all essential terms of their settlement as reflected in an unsigned Settlement Agreement and Mutual Release of Claims ("Settlement Agreement"). *See* ECF No. [46-2]. Although the Settlement Agreement is unsigned, on November 10, 2025, Defendants' counsel emailed Plaintiff regarding the Settlement Agreement: "Those changes are acceptable. We will get this executed and send back the signed copy." *See* ECF No. [46-1]. The Settlement Agreement is governed by Florida law. ECF No. [46-2] ¶ 7.1. The terms of the Settlement Agreement provide that "Celeres shall pay DRN the sum of USD$10,000.00 (the 'Settlement Amount') within three (3) business days of receipt of the [last signature on] this Agreement." ECF No. [46-2] ¶ 3.1. The Agreement further provides that "[i]n the event any Party seeks to enforce this Agreement, the prevailing Party shall be entitled to recover its reasonable attorney's fees and costs from the non-prevailing party." ECF No. [46-2] ¶ 7.2. Plaintiff's Motion seeks to enforce these terms of the Settlement Agreement.

## II. LEGAL STANDARD

Pursuant to Local Rule 7.1(c)(1), the failure to timely respond to a Motion "may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c)(1). Furthermore, "a district court has jurisdiction to enforce a settlement agreement, at least when one party refuses to abide by the agreement prior to dismissal of the action." *Kent v. Baker*, 815 F.2d 1395, 1400 (11th Cir. 1987); *see also Szanto v. Bistritz*, 743 F. App'x 940, 942 (11th Cir. 2018) ("[W]here the parties enter[ ] into a settlement agreement and then allege[ ] breach of the agreement before dismissal— the district court retain[s] jurisdiction to enforce the terms of the settlement agreement").

Case No. 25-cv-22678-BLOOM/Elfenbein

The construction and enforcement of a settlement agreement is governed by the applicable state contract law. *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1999); *see also Conte v. Winn Dixie Stores, Inc.*, No. 3:13cv463/MCR/EMT, 2014 WL 4693072, at *2 (N.D. Fla. Sept. 22, 2014) ("A motion to enforce the settlement agreement essentially is an action to specifically enforce a contract…."). Under Florida law, the court can enforce unsigned settlement agreements. *See Fitzgibbon v. Winnebago Indus., Inc.*, No. 18-61476-CIV, 2020 WL 9458740, at *4 (S.D. Fla. Feb. 27, 2020) ("Florida law requires enforcement of settlement agreements without regard to whether any settlement documents were actually executed."). Enforcement may include awarding attorney's fees if the parties' agreement includes such a provision. *See, e.g.*, *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 298 (Fla. Dist. Ct. App. 2002).

## III.   DISCUSSION

Considering Defendant's failure to respond and no argument or evidence to the contrary, the Court finds sufficient cause to grant Plaintiff's Motion. Although the Settlement Agreement is unsigned, Defendants' email expressing their acceptance of the offer is sufficient to create an enforceable agreement under Florida law. Under the Settlement Agreement, Defendant Celeres shall pay Plaintiff $10,000 within three business days of signing the Settlement Agreement. *See* ECF No. [46-2] ¶ 3.1. Furthermore, the Settlement Agreement provides that, if the Settlement Agreement must be enforced, the enforcing party "shall be entitled to reasonable attorney's fees and costs[.]" *See* ECF No. [46-2] ¶ 7.2. As such, by the terms of their Settlement Agreement, Plaintiff is entitled to reasonable attorney's fees and costs incurred in enforcing the Settlement Agreement.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Enforce Settlement, **ECF No. [46]**, is **GRANTED.**

3

Case No. 25-cv-22678-BLOOM/Elfenbein

2. On or before **January 30, 2026,** Defendants shall fully execute and forward the Settlement Agreement to Plaintiff.

3. On or before **February 4, 2026**, Defendant Celeres shall transmit payment of the full Settlement Amount (USD$10,000.00) according to the instructions in the Settlement Agreement.

4. Defendants shall pay Plaintiff reasonable attorney's fees and costs associated with filing this Motion to Enforce Settlement Agreement. If the parties cannot agree to the amount of attorney's fees owed, Plaintiff shall advise the Court no later than **February 9, 2026**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 26, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record